Hung Nam TRAN; Larry W. Fandrich, Plaintiffs–Appellants,

v.

KEMPER INSURANCE COMPANIES; Sara Lee Corporation; Mcdonald's Corporation; Conagra, Inc.; King Cotton Foods; Armour–Swift–Eckrich; Corrections Corporation of America; Kell Well Food Management, Inc., Defendants–Appellees.

No. 01–6140.

United States Court of Appeals, Sixth Circuit.

Jan. 31, 2003.

Before RYAN, BATCHELDER, and LAY,* Circuit Judges.

### ORDER

Hung Nam Tran and Larry W. Fandrich, Wisconsin prisoners, move for the appointment of counsel and waiver of transcript fees, and appeal the final judgment for defendants in a product liability action filed under diversity jurisdiction. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Plaintiffs, who were incarcerated in a prison in Tennessee during early 1999, filed this action seeking millions of dollars in compensatory and punitive damages from Kemper Ins. Cos. (Kemper), Conagra, Inc., Armour–Swift–Eckrich, Kellwell Food Mgmt., Inc. (Kellwell), Sara Lee Corp., King Cotton Foods, McDonald's Corp., and Corrections Corp. of America (CCA). The complaint alleged that plaintiffs, while incarcerated in a prison administered by CCA, the food service of which was operated by Kellwell, were served food manufactured by the remaining defendants, who were insured by Kemper, that was past its expiration date, and which caused them to become ill with stomach problems and a skin rash. A lengthy discovery period and pretrial proceedings ensued. The district court dismissed the complaint as to Kemper as frivolous. Partial summary judgment was entered as to Kellwell, Conagra, Inc., and Armour–Swift–Eckrich. The district court also issued orders denying plaintiffs' motions for issuance of subpoenas and writs of habeas corpus ad testificandum, setting aside the entry of default against Kellwell, and denying a motion for entry of default against CCA.

The case proceeded to jury trial against the remaining defendants. At the conclusion of plaintiffs' case, defendants moved for judgment as a matter of law. The motion was granted by the district court, and a final judgment was entered. On appeal, plaintiffs challenge the rulings in favor of each of the defendants, and argue that the district court erred in excluding evidence, denying them writs of habeas corpus ad testificandum for other inmates, declining to issue subpoenas for defendants' corporate officers, denying their motions to compel discovery, setting aside the entry of default against Kellwell, and declining to enter default against CCA.

Upon review, we conclude that the district court properly dismissed the complaint as to Kemper as frivolous, because it lacked any arguable basis in law. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). The district court noted that Tennessee law does not provide for direct suits against insurers. Plaintiffs argue on appeal that direct action against insurers is permitted in cases involving uninsured motorists. Since this is not such a case, the partial dismissal as to Kemper will be affirmed.

We also conclude that summary judgment was properly granted as to Kellwell, Conagra, Inc., and Armour–Swift–Eckrich, as these defendants demonstrated the absence of any genuine issue of material fact as to essential elements of plaintiffs' case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir.1989). The evidence presented by these defendants showed that Kellwell did not operate the food service at the prison at the time plaintiffs alleged they were injured, and that the food inventory from the time they took over operation did not include any of the items which plaintiffs alleged they were served. The other two defendants pointed out that plaintiffs had presented no evidence that they had consumed any products manufactured by them. These defendants were accordingly entitled to judgment as a matter of law.

De novo review of the record establishes that the remaining defendants were properly granted judgment as a matter of law following the presentation of plaintiffs' case at trial, because no reasonable jury could have found in plaintiffs' favor. *Snyder v. Ag Trucking, Inc.*, 57 F.3d 484, 490 (6th Cir.1995). Plaintiffs failed to establish that they had consumed any defective products, and utterly failed to present any expert evidence that contaminated food had caused them injury, as required under

Tennessee law. *McCarley v. West Quality Food Serv.*, 960 S.W.2d 585, 589 (Tenn. 1998). Only one of the plaintiffs had been seen by the prison health services regarding his complaints, and he presented no evidence that his symptoms had been diagnosed as caused by contaminated food.

The additional arguments presented on appeal lack merit. The district court properly declined to admit hearsay evidence and evidence that was not properly authenticated. Plaintiffs' motion for writs of habeas corpus ad testificandum for other inmates was properly denied because they failed to set forth these inmates' proposed testimony, as specifically directed by the district court. The district court properly declined to issue subpoenas to corporate officers of the defendants because plaintiffs did not submit their fees and travel expenses. There was no abuse of discretion by the magistrate judge and the district court in denying plaintiffs' motions to compel discovery, where they failed to certify that they had consulted with defendants regarding discovery or to specify the additional discovery required. Finally, the orders setting aside the entry of default as to Kellwell and declining to enter default against CCA were based on good cause shown, pursuant to Fed.R.Civ.P. 55(c).

For all of the above reasons, the motions for counsel and waiver of transcript fees are denied, and the final judgment in favor of defendants is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

* The Honorable Donald P. Lay, United States Circuit Judge for the Eighth Circuit, sitting by designation.